IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CV-00147-RLV
(5:07-CR-00050-RLV-DSC-2)

| | |
|---|---|
| ERIC WILFORD MORRISON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER FOR EVIDENTIARY HEARING** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court its own motion.

## Background

Petitioner was convicted by a jury in this District on one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and he was sentenced to a term of 324-months' imprisonment and his judgment was affirmed on appeal in a per curiam opinion. See United States v. Morrison, 439 F. App'x 270 (4th Cir. 2011) (unpublished). After his judgment became final, Petitioner filed a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, and raised several claims of ineffective assistance of counsel which included a claim that his attorney, Mr. John Feiner, failed to communicate a plea offer from the Government which would have exposed Petitioner to a sentence of 17-years' imprisonment.

In Mr. Feiner's affidavit, which was filed by Respondent with its answer, he states that during his third meeting with Petitioner in the lead-up to trial, he spoke with Petitioner and informed him that the Government intended to file a notice of its intention to seek enhanced

1

penalties pursuant to 21 U.S.C. § 851, and he informed Petitioner that the Government had offered a plea agreement which provided that Petitioner would plead guilty in exchange for a 17-year sentence of imprisonment. (5:12-CV-00147, Doc. No. 9-2: Feiner Aff. ¶ 6). In Petitioner's affidavits, he denies that he was ever informed about a 17-year plea offer or that he was ever informed by his attorney about the possibility that the Government would seek enhanced penalties through the filing of a § 851 Information. Petitioner avers that if he had been informed about the 17-year plea offer and that he would face a mandatory-minimum term of twenty years' imprisonment if convicted after a § 851 Information was filed, then he would have accepted the offer. (Id., Doc. No. 1-1: Morrison Aff.; Doc. No. 11-3, Morrison Response Aff.).

In Section 2255 proceedings, the Court must conduct an evidentiary hearing "[u]nless the motion and files and records of the case conclusively show that the [movant] is entitled to no relief." 28 U.S.C. § 2255(b). In the present case, there are affidavits filed by the parties which are squarely at odds with one another on the critical issue of whether (1) a 17-year plea agreement was offered by the Government, (2) whether Mr. Feiner failed to communicate the 17-year plea offer to Petitioner; (3) whether Mr. Feiner informed Petitioner about the possibility of the filing of a § 851 Information and its potential impact, and finally (4) whether Petitioner would have accepted the plea offer if informed of the plea offer and the impact of a § 851 Information. Assuming, without deciding at this point, that there was such an offer and it was not communicated to Petitioner and he was not informed about the impact of the § 851 Information, he may be able to establish both that his counsel was deficient and that he was prejudiced by these omissions because if Petitioner would have accepted the offer, as he maintains he would have, then he may have received a considerably shorter term of imprisonment. See Missouri v. Frye, 132 S.Ct. 1399, 1408

(2012) ("This Court now holds that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused.").

**Issues for Evidentiary Hearing**

The Court finds that whether or not a 17-year plea offer and the impact of a § 851 Information was communicated to Petitioner by Mr. Feiner – and whether Petitioner would have accepted the plea offer if so informed – are questions that may only be resolved following an evidentiary hearing where Mr. Feiner and Petitioner provide testimony regarding these issues. The parties are, of course, free to subpoena other witnesses to testify on these issues.[1]

**Order of Appointment of Counsel**

Rule 8(c) of the Rules Governing Section 2255 Proceedings provides that appointment of counsel is required for an evidentiary hearing if the petitioner qualifies under 18 U.S.C. § 3006A. Petitioner's family retained counsel to represent Petitioner in his criminal proceeding, however, Petitioner has been incarcerated since February 12, 2008, and he qualified for appointed counsel during his first appearance before the magistrate judge. The Court will therefore provisionally appoint the Federal Defenders of Western North Carolina to serve as Petitioner's counsel or to secure other qualified counsel. See 18 U.S.C. § 3006A. The Court finds that Petitioner's counsel may make a motion for discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings after appointment.

---

[1] The Court finds that the remaining issues in Petitioner's § 2255 motion can be resolved without an evidentiary hearing.

**IT IS, THEREFORE, ORDERED** that:

1. An evidentiary hearing regarding Petitioner's claim of ineffective assistance of counsel, as set forth herein, will be scheduled following consultation with the Clerk's Office regarding an available hearing date.

2. A separate order will be entered setting the hearing date and notifying the U.S. Marshals Service to have Petitioner present in the U.S. District Court in Statesville, North Carolina for the hearing.

3. The Federal Defenders Office shall promptly designate counsel to represent Petitioner on the limited issues as identified herein.

The Clerk is directed to certify copies of this Order to Petitioner, the Federal Defenders, and the U.S. Attorney.

**IT IS SO ORDERED.**

Signed: May 27, 2015

*[signature]*

Richard L. Voorhees
United States District Judge