IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-00147-RLV
(5:07-cr-00050-RLV-DSC-2)

| | |
|---|---|
| ERIC WILFORD MORRISON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's motion for extension of time to file a notice of appeal from the order and judgment dismissing his § 2255 motion to vacate his sentence which were filed on October 21, 2015.[1] In a letter dated January 4, 2016, Petitioner explains that he wants to appeal from the order of dismissal and that he never received a copy of the order from his attorney and only learned about the dismissal after contacting the Clerk's office on November 3, 2015. (5:12-cv-00147, Doc. No. 32). This letter was received by the Fourth Circuit on January 14, 2016, and construed as a notice of appeal and forwarded to this Court for consideration. (Id., Doc. No. 32-2).

Pursuant to Rule 4(a)(1)(B)(i) of the Federal Rules of Appellate Procedure, a party must file a notice of appeal from a final judgment or order within 60 days after its entry if one of the parties is the United States. A party may move for an extension of time to file a notice of appeal if this 60 day period has elapsed if the motion is filed no later than 30 days after the time period has

---

[1] Petitioner also requests a copy of the transcript of the evidentiary hearing that was conducted in his § 2255 proceeding.

1

run or if the party can demonstrate excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(i),(ii). In the present case, the Court finds that Petitioner has demonstrated that the time for filing a notice of appeal should be granted based on his attorney's failure to serve him with the order and judgment and because he timely filed for an extension of time.

Petitioner's motion for a copy of the transcript of the evidentiary hearing conducted in his case will be denied as he has not made a showing of a particularized need. See <u>Jones v. Superintendent, Va. State Farm</u>, 460 F.2d 150, 152-53 (4th Cir. 1972). <u>See also</u> 28 U.S.C. § 753(f) (providing that a transcript may be provided to an indigent petitioner in a § 2255 proceeding if the petitioner can show that the appeal is not frivolous and that the transcript is necessary to "decide the issue presented by the suit or appeal."). The Court finds that as Petitioner was present with counsel for the evidentiary hearing and was able to observe all parts of the proceeding, he has failed to demonstrate that a copy of the transcript is necessary to prosecute his appeal.

**IT IS, THEREFORE, ORDERED** that Petitioner's motion for extension of time to file a notice of appeal is **GRANTED**, (Doc. No. 31), and Petitioner's motion for a copy of the transcript of the evidentiary hearing is **DENIED**.

Petitioner's notice of appeal will be deemed filed on January 4, 2016.

**SO ORDERED**.

Signed: February 22, 2016

*[Signature]*

Richard L. Voorhees
United States District Judge